CLEMENTSON, Executor, etc., vs. STREETER and wife.

*January 12 — January 29, 1884.*

VENDOR AND PURCHASER OF LAND: *Partial failure of title as defense to foreclosure of purchase money mortgage: Rescission.*

A grantee of land under a warranty deed purporting to convey an estate in fee simple, whose possession has not been disturbed, cannot resist the foreclosure of a purchase money mortgage given by him, on the ground that the grantor had in fact but a life estate in the land; nor can he rescind the sale on that ground, no fraud being shown.

APPEAL from the Circuit Court for *Grant* County.

Action by the executor of J. Allen Barber, deceased, to foreclose a mortgage. The deceased in his life-time conveyed the land in question by warranty deed to one Stainhofer, and the latter thereafter conveyed the same by warranty deed to the defendant husband. Stainhofer being at the time of the latter conveyance indebted to one Loney, the defendants, at his request, executed the notes and mortgage in question to Loney as part payment for the land. Loney afterwards assigned the notes and mortgage to Barber.

The complaint is in the usual form. The answer alleges that J. Allen Barber was never the lawful owner of the land; that his only title was by virtue of a deed from one Platt Barnum to him in trust for the life of one George P. Barnum and his wife and the heirs of their body, the land at the expiration of the trust to revert to the said grantor, Platt Barnum. It further alleges that George P. Barnum is still living, but that his wife is dead and that there are no living children, the issue of their marriage; and that on the death of George P. Barnum the land in question will revert to certain persons named, the residuary devisees of Platt Barnum.

Other facts will appear from the opinion. The court found that the facts stated in the answer constituted no defense, and rendered judgment in favor of the plaintiff. The defendants appealed.

For the appellants there was a brief by *Brooks & Dutcher*, their attorneys, and *Wm. E. Carter*, of counsel, and oral argument by *Mr. Carter* and *Mr. Brooks*.

For the respondent the cause was submitted on the brief of *Geo. Clementson*.

ORTON, J. This action is for the foreclosure of a mortgage given to secure part of the purchase money of land conveyed to the defendant by warranty deed, and the

defendant sets up in defense that the grantor held only an estate for the life of another in the land, with a reversion in favor of the grantor of the life estate. The defendant went into full possession of the land and still holds the same, and the prayer is that the notes and mortgage be delivered up to be canceled, and that the plaintiff be enjoined from collecting the same until the title is made perfect, and that the money already paid for the land by the defendant be restored upon the defendant's delivering back such possession. It is alleged in the defendant's answer that when he purchased the land he did not know of this defect in the title, and became aware of it only a long time afterwards, and then declined to pay anything more on the notes and mortgage. The only fraud charged is that J. Allen Barber, the trustee, conspired, intending to injure the defendant, and wrongfully suffered said land to be sold for taxes and obtained the tax title in himself. But this tax title is out of the question, because the tax title was first conveyed to the owner of the life estate, whose duty it was to have paid the taxes. So that the case stands upon the mere allegation of the defendants having received only a life estate by the deed to him, when he supposed that he had obtained thereby a full title in fee simple, and the prayer for the rescission of the bargain on that ground alone. The defendant is still in possession and in the enjoyment of said life estate and undisturbed. He has taken no steps for a rescission of the bargain by a tender back of the title he received, or even by an offer in his answer to so reconvey, and has as yet suffered no damage or disturbance. Whenever he is so damaged or disturbed, and not until then, he has an adequate remedy at law upon the covenants of warranty in the deed of his grantor, and upon those in the deed of J. Allen Barber, deceased, to his grantor. *Oakes v. Estate of Buckley*, 49 Wis., 592; *Noonan v. Ilsley*, 22 Wis., 27 · *Mecklem v. Blake*, id., 495, and cases therein cited.

The complaint and the grounds of rescission in this case are not for a want or failure of the title to the whole grant or any part of it, but of a diminution of the estate, or the want of the full estate granted. The life estate passed by the deed, and the defendant is in the possession and full enjoyment of it under the deed, but he failed to acquire the estate in fee simple or of inheritance. But the rule of damages, as well as of the right of recovery, is the same in such a case as if there was a want of title to some portion of the land. *Guthrie v. Pugsley*, 12 Johns., 126. In such a case the defendant has the possession, and the right of possession, to the extent of the life estate, and cannot be dispossessed until such life estate has lapsed or expired. To the same point see, also, *Mills v. Catlin*, 22 Vt., 98; *Tanner v. Livingston*, 12 Wend., 83. When the grantee has some title, as well as the possession under the deed, he will be left to his action at law on the covenants of the deed, and cannot rescind the bargain unless there was fraud in the sale. *Baber v. Harris*, 9 Ad. & El., 532; *Kingdon v. Nottle*, 4 Maule & S., 53; Rawle on Cov., 264. It is only when there is a complete failure of title that a rescission will be allowed (Rawle on Cov., 287; *Morris v. Phelps*, 5 Johns., 56); especially when the contract has been executed and part of the consideration paid. The grantee will be left to his action at law on the covenants of the deed for proportionable damages for the part failure of title. "The defendant being in possession, and no paramount title having been asserted against him, he will be compelled to pay the mortgage, deducting (perhaps) nominal damages." *Randlet v. Herren*, 20 N. H., 102; *Taft v. Kessel*, 16 Wis., 273; *Hurst v. Means*, 2 Swan, 589; *Moyer v. Shoemaker*, 5 Barb., 322; *Horton v. Arnold*, 18 Wis., 212; *Ludlow v. Gilman*, id., 552; *Noonan v. Ilsley*, 21 Wis., 138.

But the two following cases are directly in point, and must rule this case, as it is limited by the prayer for relief,

which is for rescission of the sale, and for a recovery of the purchase money paid, and for the cancellation of the notes and mortgage. It is held in *Booth v. Ryan*, 31 Wis., 45, that " the grantee of land who has mortgaged back for the purchase money cannot set up a mere defect in the grantor's title as a defense to a foreclosure of the mortgage, *nor ask for rescission of the contract on that ground.*" This case is followed in *Smith v. Hughes*, 50 Wis., 620. In the last it is also held that nothing can be recovered on the covenants until eviction under paramount title.

It follows from the above authorities that the answer set up no defense to the action of foreclosure, and the judgment was properly rendered for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.