JAMES and wife, Respondents, vs. KNOX, Appellant.

*October 31—November 18, 1913.*

*Contracts: Exchange of lands: When time is of the essence.*

In an agreement for the exchange of lands the provision "that all necessary papers in the transfer of the properties from each to the other . . . shall be ready for delivery and be delivered from each to the other on or before the 1st day of March, 1912," clearly indicates an intention by both parties that the deal should be fully closed on or before the date specified; and in an action to cancel the agreement, upon evidence that an extension of time asked for by defendant was refused by plaintiff and that on March 1st plaintiff notified the person with whom the parties had agreed to deposit the deeds in escrow, and who had plaintiff's deed, that if defendant wished to close the deal plaintiff would be at his home until midnight for that purpose, the trial court properly *held* that time was of the essence of the contract and that a tender of performance by defendant after March 1st was not sufficient.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Suit in equity to cancel a written agreement and to re-move a cloud upon title. On February 12, 1912, the plaint-iff *Euclid W. James* and the defendant, for a legal considera-tion, entered into a written agreement wherein plaintiff agreed to convey to the defendant by good and sufficient war-ranty deed certain premises described therein, and the de-fendant likewise agreed to furnish full abstract of title and to convey to the plaintiff by good and sufficient warranty deed certain described premises and, in addition thereto, to pay to him $200 in cash. It was also mutually agreed "that all necessary papers in the transfer of the properties from each to the other . . . shall be ready for delivery and be delivered from each to the other on or before the 1st day of March, 1912." It was further agreed between the plaintiff and defendant that the deeds mentioned in their written agreement should be deposited with one Hugo Rohr. Plaint-iff, accordingly, before March 1st, deposited the deed of his premises with said Rohr, who, on or about the 12th day of March, 1912, delivered it to the defendant, contrary to the instructions of plaintiff and without his consent or knowl-edge, and the same was recorded.

The plaintiffs charged the breach, and the defendant pleaded the performance, of the quoted part of their agree-ment hereinabove set forth, and of the whole thereof. The court found:

"That the plaintiffs on the 1st day of March, 1912, and at the time agreed upon in and by said articles of agreement, duly tendered to the defendant a good and sufficient deed and abstract of the premises so owned by the plaintiffs, and a satisfaction of the mortgage theretofore existing on the plaintiffs' said property as shown by the abstract, and kept and performed all the conditions of said agreement to be kept and performed by the plaintiffs, and demanded that the de-fendant execute and deliver to them a good and sufficient deed and abstract of the premises mentioned in said agree-

ment as owned by the defendant, together with the sum of $200, but the defendant refused to give to the plaintiffs such deed and abstract of the premises claimed to be owned by him, as in and by said agreement required, and has failed and neglected to keep and perform the conditions of said agreement to be kept and performed on his part, and the deed or deeds executed by the defendant, and the abstract tendered to the plaintiff did not show a good merchantable title to the premises claimed to be owned by the defendant, and the title to the defendant's premises was not a sufficient or merchantable title until about June 6, 1912."

As conclusions of law the court held the agreement, and deed to defendant, a cloud upon the title of *Georgiana James,* the grantee of the plaintiff *Euclid W. James,* to whom he conveyed the premises embraced in the deed to the defendant, and entered judgment establishing title in such grantee. From such judgment the defendant appealed.

For the appellant there was a brief by *John J. Maher,* and oral argument by *P. G. Lewis.*

For the respondents the cause was submitted on the brief of *Clarke & Donnelly.*

VINJE, J.    The finding that the plaintiff *Euclid W. James* duly performed his part of the agreement within the time therein specified is supported by the evidence. Indeed, this assignment of error is not seriously argued in the brief, but it is insisted that the court erred in finding that the time fixed in the contract for its performance was of the essence thereof, and it is urged that a tender of performance by defendant on June 6, 1912, was seasonably made. The contract contained this provision:

"It is mutually agreed by and between the said parties of the first part and the said party of the second part that all necessary papers in the transfer of the properties from each to the other as hereinbefore specified shall be ready for delivery from each to the other on or before the 1st day of March, 1912."

- These are plain words and clearly indicate an intention by both parties that the deal should be fully closed on or before the date specified. That both parties so understood it is also clearly manifest from the evidence of plaintiff *Euclid W. James* that on or about March 1st the defendant sought to have him sign a paper extending the time of performance of the agreement to March 11, 1912, which he refused to do. He further testified that on March 1st he notified Rohr, who held the deed in escrow, that if defendant wanted to close the deal he could come to his home at any time until midnight and he would be there to close the transaction. In view of the provisions of the agreement, and the evidence, the trial court properly held that time was of the essence of the contract. *Hall v. Delaplaine,* 5 Wis. 206; *Phillips v. Carver,* 99 Wis. 561, 75 N. W. 432. Cases holding that a failure to pay a given sum of money upon a date designated or that a failure to perform some other act within a specified time does not avoid the contract in the absence of any language therein or evidence showing that the time for such performance has been made material by agreement of the parties, rest upon a different basis.

*By the Court.*—Judgment affirmed.