BUNTROCK, Respondent, vs. HOFFMAN, Appellant.

*June 9—July 8, 1922.*

*Specific performance: Reformation of contract: Degree of proof: Stipulated damages: Part payment and possession taken: Time as of essence of contract: Deed from third party: Warranty: Waiver: Incumbrances paid out of purchase money: Jurisdiction of court: Interest on purchase money: Accounting.*

1. To justify reformation of written instruments the evidence must be clear and convincing.
2. The evidence in this case is *held* to justify the reformation of a contract to sell land so as to include a provision that part of the purchase money was to be used for the purpose of paying off existing incumbrances on the land.
3. A provision in the contract allowing the purchaser to withdraw on forfeiting a fixed sum did not prevent a decree against him for specific performance where, pursuant to a later agreement, the parties materially changed their position, the

purchaser paying a large portion of the purchase money, taking possession of the land, and retaining it for twenty-two days. *Dekowski v. Stachura,* 176 Wis. 154, distinguished.

4. The subsequent conduct of parties to a contract to convey real estate may show that they understood that time was not of its essence; and although time may have originally been of the essence of the contract, a strict performance may be waived.

5. Time will not be regarded as of the essence of a contract merely because a definite time for performance is stated without any further provision as to the effect of nonperformance at the time stated.

6. The parties having agreed that the purchase money was to be used in paying off incumbrances, thus enabling the vendor to furnish a good title, the purchaser, by failing to make the agreed payments, waived his claim that time was of the essence of the contract.

7. Where the purchaser agreed to accept a warranty deed from a third party he waived his right to a warranty deed from the vendor.

8. The vendor having garnished part of the purchase money which had been left with a third person to be used in paying incumbrances, it was proper for the court to merge the garnishment proceedings with the principal action, as equity, having once acquired jurisdiction, will retain it for all purposes.

9. Where the purchaser left part of the purchase money with a third person without interest and wrongfully refused to pay the balance, and under a stipulation without prejudice the vendor retook possession of the land, interest should be allowed on the entire purchase price, but the vendor should account for the profits of the land.

APPEAL from a judgment of the circuit court for Shawano county: CHESTER A. FOWLER, Judge. *Affirmed, with directions.*

The appeal is from a judgment decreeing specific performance, in favor of the plaintiff and against the defendant. The following facts appear from the evidence, and are also substantially found by the court:

The plaintiff, being the owner of a certain farm located in section 33, township 29, range 11 east, in the town of Aniwa, Shawano county, Wisconsin, together with certain

personal property located thereon, on the 30th day of November, 1920, entered into a written agreement with the defendant of the following tenor, to wit:

"November 30, 1920.

"We, the undersigned, hereby agree to accept eight thousand dollars for our farm in said town of Aniwa—describe as follows—including all personal property excepting household goods—and car—and we hereby pledge ourselves to a fine of ~~Five Hundred~~ Dollars fine—payable in a peaceable way, in case either party back out. And we agree to furnish a clear title of said described property, including personal property, free and clear from all incumbrances—payable as follows—$100 down, balance when papers are satisfactory down to date.

"EMIL BUNTROCK.
"MARTHA BUNTROCK.
"Witness:                    ARCHIE HOFFMAN.
"WM. SENN.
"This deal to be completed within fifteen days from date."

One D. W. Van Doren, at the date of said agreement, held a quitclaim deed of said farm from one Branan as security for the payment of the sum of $3,500. The plaintiff was in possession of said real estate under a land contract with Branan, and at the time of the making of said contract there rested upon said real estate two mortgages, aggregating the sum of $2,500, controlled by one Detlaff, of Sheboygan, Wisconsin. The plaintiff and his wife were uneducated and had little experience in real-estate transactions, while the defendant was a wide-awake, intelligent farmer who had considerable experience in the purchase and sale of farms and in the business incident to farm sales and transfers.

It appears that after the contract had been drafted, at the suggestion of the defendant the words "Five Hundred" in the agreement were stricken out, and that the provision, "This deal to be completed within fifteen days from date,"

was thereupon written into the contract at the foot thereof. At the time the agreement was signed the defendant delivered to Senn, the agent of the plaintiff, a certificate of deposit for the sum of $420.52, whereupon Senn issued and delivered to the defendant the following receipt:

"November 30, 1920.
"Received from *Archie Hoffman* four hundred and twenty 52-100 dollars, one hundred down on contract to bind same.'                    Wm. Senn, Agent.
"If deal is not made, balance should be returned to *Archie Hoffman.*"

Pursuant to agreement of the parties, the plaintiff and his wife, defendant and his wife, and Branan and his wife met at the Bank of Birnamwood on December 4, 1920, with said Van Doren, and it was there agreed that defendant should pay the additional sum of $4,111.77 to said Van Doren, and that he would procure the balance of the purchase price either on the afternoon of that day or the following morning, so that the full amount would then be paid; and that Van Doren was to prepare and have executed a quitclaim deed of said premises to said Branan, and a proper deed directly from Branan and wife to the defendant, and to use the purchase money in paying off the two mortgages upon the real estate, secure proper releases therefor, to pay the balance owing by the plaintiff to Branan on his land contract, and to pay to the plaintiff the balance for his equity in the real estate.

The condition of the title was fully discussed at said bank meeting, and it was understood and agreed that Van Doren was to procure and bring down the abstract. The deeds above referred to were thereupon prepared and duly executed and left with Van Doren for the benefit of the parties interested, and the additional sum of $4,111.77 was paid over to Van Doren, together with the sum of $320.52, which was paid by the agent, Senn, and proper receipts for such

payments were executed and delivered to the defendant, which receipts, among other things, recited that such payments were to be applied upon the purchase price of said property. At the same time it was agreed that the plaintiff would surrender and deliver to the defendant the real estate and personal property, and the defendant thereupon actually went into possession of said real estate and took over the personal property and retained possession thereof for a period of about twenty-two days. The balance of the money, which the defendant agreed to furnish either on the 4th of December or the following day, was not received by the defendant nor paid to Van Doren in accordance with the agreement.

It appears further that prior to the 15th day of December the defendant regretted his bargain and attempted to withdraw from the same, claiming at one time that the land was not as represented, which claim was subsequently withdrawn, and at another time that he was unable to procure the balance of the money. On the 15th day of December the defendant appeared at the bank and tendered the balance of the money due and demanded a proper conveyance of the premises together with releases of incumbrances and an abstract of title. Van Doren, however, before paying out any of the money left with him, took the precaution to await the payment of the balance of the purchase price by the defendant, realizing that, unless the full amount were paid, complications might arise in the event of the defendant's failure to comply with his agreement; and it also appears that the amount of money left with Van Doren was not sufficient to pay the outstanding incumbrances. On or about the 22d day of December, 1920, the defendant abandoned the property, both real and personal, and under a stipulation entered into between the parties it was agreed that the plaintiff should take possession of the property from that time on, without prejudice to the rights of the parties.

The trial court entered judgment in favor of the plaintiff,

adjudging that the defendant pay to the Bank of Birnam-wood the sum of $3,600 within thirty days after notice of the entry of judgment, and pay interest on $7,900 at the rate of six per cent. per annum from December 15, 1920, the total amount of the purchase price to be disbursed by said bank in satisfaction of the liens existing against the land, and that the remainder after the satisfaction of said liens be paid over to the plaintiff, and that if said defendant shall fail to make such payment within the time specified that the premises be sold, as provided by law for sale on execution, and that the proceeds be applied to the satisfaction of said liens, and the remainder paid over to the plaintiff; and that in the event of a deficiency on such sale an execution issue against the defendant for the amount thereof; and that D. W. Van Doren be appointed as receiver by the court for the purpose of paying off and procuring satisfactions of said liens and of otherwise carrying out and executing said agreement in accordance with the provisions of said judgment.

For the appellant there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

*P. J. Winter* of Shawano, for the respondent.

DOERFLER, J.   Upon the trial of the action plaintiff's counsel moved to amend the complaint so as to include therein an allegation to the effect that the purchase price of the farm was to be used for the purpose of paying off the incumbrances upon the land, and that by an oversight and the mutual mistake of the parties such agreement was not included in the written document of date of November 30th, the object of such amendment being to reform such agreement.   Such amendment was thereupon allowed by the court, and such ruling of the court in that behalf constitutes one of the assignments of error of the defendant herein.

The evidence discloses, and the court found, that Senn, the agent, was unlearned and unskilled in the matter of drafting legal papers, and that the plaintiff and his wife are ignorant and inexperienced people.  It also appears satisfactorily that the situation of the plaintiff was fully discussed at the meeting at the bank and that the defendant was fully informed of plaintiff's financial condition. Furthermore, it was shown by the overwhelming testimony that the purchase money was to be paid to Van Doren by the defendant for the express purpose of enabling him to clear the title and to prepare the way for the final delivery of the deed and of the abstract.  Van Doren represented both parties in this transaction by mutual consent.  It was thus shown, not only by what transpired at the bank but by the negotiations had on November 30th, that the agreement of the latter date did not contain the full agreement as contemplated and expressed by the parties, and that it was due to an oversight and to the mutual mistake of the parties that such agreement was deficient in that respect.

The actual facts as they existed both on the 30th of November and the 4th of December clearly indicate that the plaintiff had no other way and no other means with which to clear the title excepting by the application of the moneys received out of the purchase price.  The very fact that the defendant saw fit to pay down so large a portion of the purchase price before even obtaining the deed of the property is very persuasive to show that it was understood by the defendant that the purchase price was to be used for the purpose stated.

In order to justify a reformation of a written contract the evidence must be clear and convincing.  *Jilek v. Zahl,* 162 Wis. 157, 155 N. W. 909; *Van Brunt v. Ferguson,* 163 Wis. 540, 158 N. W. 295; *Broadbent v. Hutter,* 163 Wis. 380, 385, 157 N. W. 1095.

The evidence in the instant case is based upon the testi-

mony of the plaintiff and his wife, the agent Senn, and of Van Doren, and the surrounding facts and circumstances abundantly support and corroborate such evidence. We therefore hold that the trial court was right in allowing such amendment and in reforming the contract.

Defendant's counsel also contends that, inasmuch as the penalty of $500 was stricken from the agreement, and because the receipt given by Senn, the agent, provided that if the deal was not made the $100 should be returned to the defendant, such latter provision was intended as a substitute for the penalty stricken out in the agreement, and that the defendant at any time could refuse to carry out the bargain by forfeiting the sum of $100, which sum he claims was fixed by the parties as the limit of his liability.

Had the defendant, prior to the 4th day of December, rescinded the agreement, in view of the holding of this court in *Dekowski v. Stachura,* 176 Wis. 154, 185 N. W. 549, we are of the opinion that his contention would have been well founded. What was done at the bank, however, on the 4th day of December amounted to a substantial execution of the agreement. The defendant not only paid a large portion of the purchase money, but the plaintiff, pursuant to the agreement of that date, surrendered the possession of the premises and of the personal property, and the defendant not only took possession thereof but retained the same for a period of about twenty-two days. The parties therefore materially changed their position in reliance upon said agreement. The facts in this case are materially different from those in the *Dekowski Case* or in cases cited in the opinion in that case.

Defendant's counsel also contends that under the provisions of the contract of date of November 30th time became of the essence thereof, and that inasmuch as the contract was not fully executed and the proper conveyances, releases, etc., delivered on or before the 15th day of De-

cember, the defendant had the legal right to rescind the contract.

In the absence of express language making time of the essence of the contract it is sometimes difficult to determine whether it was the intention of the parties to make time of the essence or not; it then oftentimes becomes necessary to consider the surrounding facts and circumstances, the situation of the parties, and the acts of the parties with respect to the subject matter. Each case must be decided upon its own circumstances. Although time is originally of the essence of the contract, a strict performance may be waived.

"The subsequent conduct of the parties may also amount to a construction by them of the original contract, and show that they understood and regarded that time was, or was not, of its essence." · 39 Cyc. 1341, 1342, and cases there cited.

Time will not be regarded as of the essence of the contract merely because a definite time for performance is stated therein, without any further provision as to the effect of nonperformance at the time stated. It has also been held in *Hermansen v. Slatter*, 176 Wis. 426, 187 N. W. 177, in an opinion delivered by Mr. Justice JONES: "It is the modern tendency, especially in equity, not to treat time as of the essence unless there is some express term in the contract so providing."

Whether the provision in the contract of date of November 30th, "This deal to be completed within fifteen days from date," in itself is of sufficient force to constitute time as of the essence of the contract, it is not necessary for us to determine. The acts of the parties, as shown by what transpired at the bank on December 4th, are strongly indicative of the fact that the parties did not consider time of the essence of the contract. On that day or shortly thereafter the contract was substantially executed, the necessary

deeds were delivered to Van Doren to hold for ·the bene-
fit of the party interested, and immediately thereafter pos-
session of the property was delivered to the defendant.   In
any event the trial court found that the defendant was to
pay the full amount of the purchase price to Van Doren, ·
who in turn was to use such sum for the purpose of pro-
curing the cancellation of the outstanding liens upon the
property so as to enable plaintiff to furnish a good title.
With this portion of the agreement the defendant has failed
to comply, and it was due to defendant's failure in this re-
spect that the situation was created whereby Van Doren
was unable to procure the necessary releases.   It must there-
fore be held that the defendant waived any right he may
have had to a claim that time was of the essence of the
contract.

Defendant's counsel also contends that he is entitled to a
warranty deed from the plaintiff, and that the deed exe-·
cuted at the bank by Branan to the defendant is not a com-
pliance with the provisions of the contract.   Ordinarily a
purchaser of land under a land contract is entitled to a deed
from the vendor, and he is not obliged to accept as a sub-
stitute for such deed the deed of a third person.   The per-
sonal responsibility of the grantor may or may not become
valuable to the grantee in the event of a breach of the war-
ranties or of the terms and conditions of the deed.   Such
personal covenant, however, may be waived by the acts of
the parties or by their mutual consent.   *Maxon v. Gates,*
112 Wis. 196, 88 N. W. 54.   In this connection we call at-
tention to what transpired at the bank on December 4th,
when the matter was thoroughly discussed and acted upon.
It was there understood and agreed that Van Doren would
execute a quitclaim deed to Branan, and that Branan and
wife were then to execute and deliver a warranty deed
directly to the defendant.   The reason for such course of
procedure was fully discussed, and it was understood that
by so doing the execution and recording of a deed from

Branan and wife to the plaintiff could be avoided. Not only was there no objection raised by the defendant to the method thus outlined, but he expressly consented thereto, and the deeds were thereupon, pursuant to such agreement, so executed.

Defendant further relies upon the attempted rescission of the contract, made on December 15, 1920. This subject has already been alluded to and has been partly treated in what has been said heretofore. It appears from the evidence that the real cause for defendant's refusal to carry out the agreement was not based upon plaintiff's failure to comply with the terms of the contract. In one instance the defendant assigned as a cause the making of false representations as to the land in question, and in another instance his inability to procure the balance of the purchase money. Defendant also claimed that at the time of the making of the contract he had a purchaser in view to whom he intended to make sale of the land. The latter contention was fully discredited in the evidence and we will spend no time in commenting thereon.

Upon a careful reading of the record in the instant case we are convinced that the real cause of defendant's refusal to carry out the contract is based upon the fact that after entering into the contract he regretted his bargain. It was a fact well known to the defendant, and not seriously denied, that the plaintiff was in no financial condition to make payment of the incumbrances upon the real estate excepting by the use of the purchase money. That the defendant agreed to pay the purchase money to Van Doren for the express purpose of enabling the cancellation of the outstanding liens is not only fully and satisfactorily shown by the evidence, but was also found by the court in its findings of fact. That the defendant failed to comply with his obligation can hardly be disputed in good faith. The defendant, therefore, is in no position to stand upon the contention that the plaintiff was not ready and able on the 15th

day of December, 1920, to deliver a warranty deed and abstract showing good title. Furthermore, possession of the property, both real and personal, was surrendered by the plaintiff, and the defendant accepted the same and moved onto the land, leaving his former home in Waupaca county. Under these circumstances the defendant was not in a position, on the 15th day of December, to rescind the contract.

It is held in *Booth v. Ryan,* 31 Wis. 45, 58: While executory contracts may be rescinded for failure of title, as to executed agreements or conveyances made and possession delivered or taken under them the rule is different, and the power has never been exercised and a rescission will not be decreed. See, also, *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764; *Clementson v. Streeter,* 59 Wis. 429, 18 N. W. 340; *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103. Such is also the rule in jurisdictions outside of Wisconsin. See *McLeod v. Barnum,* 131 Cal. 605, 63 Pac. 924; *Union S. Co. v. Smith,* 116 Ala. 416, 22 South. 275. The doctrine is stated in 39 Cyc. 1412, par. (6), as follows:

"A purchaser who has been put in possession under an executory contract and retains it cannot rescind for defect in or failure of title except for fraud, or insolvency of the vendor, or other additional facts authorizing equitable interference. . . . So he cannot rescind because of incumbrances of which he knew at the time of taking possession, or because the conveyance was not made at the stipulated time, or because the vendor failed to furnish a perfect abstract of title."

At the time of the commencement of the action the plaintiff, ancillary to the principal action, commenced garnishment proceedings and garnished the Bank of Birnamwood, and the bank duly answered in such proceeding. The trial court ignored this garnishment action and took jurisdiction of the entire matter in the equitable suit for specific

performance. It is well established that when the court once takes jurisdiction of the subject matter it will retain jurisdiction for all purposes for the purpose of doing complete equity between the parties. The money held by the bank, under the evidence and the findings, was paid to Van Doren, the cashier, for the purpose of applying the same upon the purchase price. This sum, amounting to about $4,300, was held by Van Doren for the benefit of the parties interested therein. Van Doren had no right to return this money to the defendant or to pay it to the plaintiff. The money was finally to be disposed of in accordance with the agreement as reformed. The court, in the exercise of its broad equitable powers, in enforcing specific performance had full power of disposing of these funds equitably in accordance with the terms of the agreement as modified. In order to accomplish this the judgment was entered as above indicated, and we are satisfied that such judgment is both equitable and proper.

As has been said in *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 654, 142 N. W. 184: "It is very difficult, if not impossible, to place a limit on the equity power of the court, so far as its protective feature is concerned."

We therefore hold that the court, in assuming its equitable jurisdiction and in enforcing the same, by its decree of specific performance merged said garnishment action and the relief sought thereby in the equitable action.

Counsel also complain of the allowance of interest on the sum of $7,900 at the rate of six per cent. from December 15, 1920, and charge that such allowance is inequitable. Under the stipulation of the parties possession of the premises was delivered to the plaintiff without prejudice to the rights of the parties. Under such stipulation we must view the situation, as far as the allowance of interest is concerned, in the same light as though the defendant continued in possession of the premises. Under the findings of the

court, supported by the evidence, the sum of $4,300 was held by the bank and was not drawing any interest.   No blame rested upon any one for the failure to pay the balance and to execute the agreement except upon the defendant. In violation of his agreement he created a situation whereby the sum of $4,300 was tied up in the bank and the plaintiff deprived of a proper income on the amount of the purchase price.   Under these circumstances it is but fair and equitable to charge the defendant with interest, as is provided for by the judgment.   In view, however, of the fact that the trial court has taken jurisdiction of the entire subject matter for the purpose of doing equity between the parties, the plaintiff should be required to account for the profits derived from the farm from the time that he took possession thereof under the stipulation, and the judgment of the lower court should be accordingly modified.

In accordance with what has heretofore been said, the judgment of the lower court is affirmed, excepting only that the cause be remanded so that an accounting may be had between the parties and the defendant credited with any profits which the plaintiff may have derived from such property, real and personal, from the time he took possession under the stipulation in question.   No costs are allowed to the plaintiff in this court, but the defendant is ordered to pay plaintiff's necessary disbursements on the appeal.

*By the Court.*—It is so ordered.