GREEN, Appellant, vs. KAEMPF and others, Respondents.

*January 11—May 3, 1927.*

*Exchange of property: Impossibility of performance no defense to claim for liquidated damages: Real-estate brokers: Commissions: When broker knows one party cannot perform: Appeal: Failure to assert claim against one of several parties.*

1. Under a contract for the exchange of real property which provided that the party defaulting should be liable for $500 liquidated damages to the other and for all commissions of the agent, who was to receive a designated sum from each party on completion of the exchange, the agent's sole remedy, in case of default by one party only, was against the defaulter. p. 639.

2. The financial inability of one of the parties to discharge liens against the property he was to exchange and reduce the amount of a mortgage thereon by payment or otherwise to the amount which the other party to the exchange had agreed to accept, would not amount to impossibility of performance in the legal sense, so as to relieve such party from liability to the broker under the contract. p. 640.

3. Where plaintiff assigned no error with respect to that part of the judgment denying recovery against the defendants M., but asked a reversal of the judgment against the defendants K., the former defendants are entitled to an affirmance of the judgment as against plaintiff, though not to a dismissal of the appeal. p. 640.

4. Under the provision of the contract that the defaulter shall be liable for $500 liquidated damages, the parties not in default were entitled to judgment for that amount against the defaulters, even if the contract was impossible of performance by the latter from the beginning to the knowledge of the agent employed by all the parties to effect the exchange. p. 641.

5. Mere inability to perform does not excuse the performance of a contract. p. 641.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge. *Affirmed in part; reversed in part.*

Plaintiff is a real-estate broker. The defendants *Kaempf* are farmers; the defendants *Miller* owned property in the city of Milwaukee. From the complaint it appears that some time previous to July 9, 1925, the defendants employed the plaintiff as a broker to procure an agreement for exchange of real estate between them; that upon the same day an agreement for exchange was entered into. The agreement is set out *in extenso* in the complaint. By the terms of this agreement the *Kaempfs* agreed to exchange certain property therein described situated in the county of Waukesha for certain property owned by the defendants in the city of Milwaukee. The *Kaempfs* were to accept a first mortgage for $10,440 upon the farm which they agreed to convey, such mortgage to be executed when the transaction was completed. The parties mutually agreed to furnish a good and merchantable abstract of title of their respective properties showing the premises to be free and clear of all legal incumbrances except as specified in the agreement. It was agreed that the parties should meet at the office of the plaintiff on or before sixty days and then and there to make, execute, and deliver the necessary conveyances. It was further agreed:

"And the parties do further agree, in case of default or failure to perform the acts and things as above stipulated by either of the parties hereunto, such defaulter shall be liable to pay the other party to this contract the sum of $500 as liquidated damages, and in addition all commissions to the agents, and shall pay said commissions in full amount as in case the transfer was fully completed. The agent, *Gardiner D. Green* [plaintiff], of Oconomowoc, Wisconsin, to receive $500 from the parties of the first part [*Kaempfs*] and $500 from the parties of the second part [*Millers*] at the time the exchange of above property is completed.

"Time is declared to be the essence of this contract."

Plaintiff alleged that both parties to the contract refused to perform and refused to pay plaintiff his commission, and prayed for judgment for $1,000.

There was a trial before the court. The court found that the plaintiff procured the execution of the contract by the *Millers* under such circumstances that he knew that performance by the *Millers* was impossible; that the abstracts furnished by the defendants *Miller* disclosed that the property owned by them was incumbered by easements; that several judgments appeared in the abstracts which might be liens upon the property; that there were mortgage liens to the amount of $1,200 in excess of the mortgage lien set forth in the agreement; that the defendants *Kaempf* were at all times ready and willing to perform on their part, and concluded as a matter of law that the defendants *Kaempf* were not liable to the plaintiff; that the defendants *Miller* were not liable to the plaintiff; that the defendants *Kaempf* were not liable to the defendants *Miller* for liquidated damages; that the defendants *Miller* were not liable to the defendants *Kaempf* for liquidated damages; that neither of the defendants were liable to the plaintiff, *Green,* and directed that the complaint of the plaintiff should be dismissed; that the cross-complaint of the defendants *Kaempf* should be dismissed, and that the cross-complaint of the defendants *Miller* should be dismissed.

In explanation, it should be said that the defendants *Kaempf* answered the complaint setting up certain defensive matter and by way of a cross-complaint against the defendants *Miller* sought to recover $500 liquidated damages under the contract; that the defendants *Miller* answered setting up certain defensive matter as to the complaint and by way of a cross-complaint against the defendants *Kaempf* sought recovery of $500 liquidated damages; and upon the trial it was stipulated that the answer to the plaintiff's complaint should stand as an answer to the cross-complaint of the opposite party defendant. From the judgment entered

accordingly the plaintiff appeals, the defendants *Kaempf* and the defendants *Miller* file notices of review under the statute, so that all parties stand here as appellants from the judgment rendered in the court below.

For the appellant the cause was submitted on the brief of *Alvin G. Brendemuehl* of Oconomowoc.

For the respondents *Kaempf* there was a brief by *Shannon & Cronin* of Oconomowoc, and oral argument by *T. T. Cronin.*

For the respondents *Miller* there was a brief by *Dunn & Hirschboeck* of Milwaukee, and oral argument by *Michael J. Dunn, Jr.*

The following opinion was filed February 8, 1927:

ROSENBERRY, J. There is an unusual and entirely unnecessary amount of fogginess and uncertainty in the record in this case, and we regret to say that it is not entirely dispelled by briefs of counsel. In disposing of the case the court said:

"I think under the circumstances and proofs in this case that I am justified in leaving all of the parties where I found them."

However much we may sympathize with the trial court's attitude, it becomes our duty to consider and dispose of the questions raised in the case.

Without setting out the evidence in detail, it is considered that it fully sustains the finding of the trial court that the defendants *Kaempf* were not in default and for the reason found by the trial court,—that is, that the defendants *Miller* were not within the stipulated time able and willing to complete the transaction according to the terms of the contract, but this conclusion does not dispose of the plaintiff's rights in the matter and requires a construction of that part of the contract set out in the statement of facts from which it appears that each of the parties agreed to pay to

the plaintiff $500 at the time the exchange of the property was completed. The exchange of the property was never completed, but it was further agreed that in case of default the "defaulter" should pay the whole amount of the commission, $1,000, and should likewise pay the party not in default $500 as liquidated damages. The plaintiff brought suit upon this contract, but did not allege in his complaint against whom he claimed a right of recovery, and upon the opening of the trial there was a demurrer to the complaint, but the court overruled the demurrer without requiring the plaintiff to designate against whom he sought recovery, so that we are left in the .dark as to the theory upon which the plaintiff relied in the trial of the case. We must infer, however, that because recovery in the amount of $1,000 was sought that he relied upon that clause of the contract under and by virtue of which the "defaulter" agreed to pay the full amount of the commission, or $1,000, and that he did not rely upon and seek to enforce that part of the contract by which each of the parties to the contract agreed to pay $500. In case one party to the contract defaulted and the other did not, the plaintiff's sole remedy was against the "defaulter." The plaintiff so construed the contract, and we think correctly construed it. There is some evidence in the record as to preliminary negotiations in respect to the amount of commissions to be paid, but all such negotiations as to both parties appear to have been merged in the contract as drawn by the plaintiff and agreed to by each of the parties thereto and accepted and relied upon by him.

The defendants *Kaempf* not being in default and so not liable under that clause of the contract which made the "defaulter" liable, the question arises as to whether or not the defendants *Miller* were liable. The trial court excused the *Millers* from liability on the ground that the plaintiff procured the execution and delivery of the contract under such circumstances that he, the plaintiff, knew that it was

impossible of performance by the *Millers*. We search in vain for any evidence of impossibility of performance. While there were liens against the property, while there were mortgages in excess of the stipulated amount, it was within the range of possibility for the *Millers* to discharge such liens and reduce by payment or otherwise the amount of the mortgage. If they were not financially able to do so, it would not amount to impossibility of performance in the legal sense.

While the plaintiff appeals from the whole judgment, he assigns no error with respect to that part of the judgment which denies him a right of recovery as against the *Millers* and asks that "the judgment should be reversed and judgment directed in favor of the plaintiff for $1,000 commission as claimed as against the defendants *Kaempf*."

No relief is asked as against the *Millers*, and in open court upon oral argument the defendants *Miller* moved to dismiss the appeal as to them for the reason that no claim was made against them. While under the rule the defendants *Miller* are not entitled to a dismissal of the appeal, we see no escape from the conclusion that upon the record as it stands they are entitled to an affirmance of the judgment as against the plaintiff. The defendants *Kaempf* are not liable because not in default; the defendants *Miller* had judgment below, and the plaintiff seeks no relief here as against the *Millers*. Under these conditions he cannot recover against either the *Kaempfs* or the *Millers*.

There remains for consideration upon the notice of review given by the defendants *Kaempf* whether or not the defendants *Miller* are liable to the defendants *Kaempf* upon the cross-complaint of the latter. The court found that the *Kaempfs* were not in default, the court found that the defendants *Miller* were in default, but apparently excused them from liability to the *Kaempfs* on the ground that the contract was from the beginning impossible of performance

on the part of the defendants *Miller* to the knowledge of the co-agent, *Green,* which knowledge affected the rights of the defendants *Kaempf.* We are unable to concur in that view. If the defendants *Kaempf* were not in default and the defendants *Miller* were in default, the defendants *Kaempf* are clearly entitled to judgment against the defendants *Miller* for the agreed amount of $500 as liquidated damages. They cannot be excused upon the ground that they were unable to perform the contract which they entered into. Whether they were unable or unwilling is immaterial so far as the rights of the defendants *Kaempf* are concerned. It would constitute an innovation in the law to hold that mere inability to perform excuses performance. It is considered, therefore, that the defendants *Miller* are liable to the defendants *Kaempf.*

*By the Court.*—Upon plaintiff's appeal the judgment appealed from is affirmed in all respects; upon the defendants *Millers'* notice to review, the judgment is affirmed; upon notice of review by the defendants *Kaempf,* that part of the judgment which denies them relief is reversed, and the cause is remanded with directions to enter judgment in favor of the defendants *Kaempf* and against the defendants *Miller* in the sum of $500.

A motion for a rehearing was denied, without costs, on May 3, 1927.