## ZEIDMAN v DAVIS

Ohio Appeals, 1st Dist, Hamilton Co
No 3503. Decided Dec. 9, 1929

Charles C. Dornette and Charles C. Benedict, both of Cincinnati, for Zeidman.

Allen C. Roudebush and Harry Tennenbaum, both of Cincinnati, for Davis.

HAMILTON, J.

The suit was filed June 20, 1927.

Plaintiff contends that time is not of the essence of the contract and upon equitable principles she is entitled to have specific performance if she is able to present a good title at any time before the decree is pronounced in the case; that under the facts she was able to present a good title prior to the pronouncement of the decree by the trial court. This right is controlled by the facts of the given case. Time may be made the essence of the contract by the parties, an unreasonable time may elapse, or circumstance arise to prejudice the rights of the parties.

In courts of law time is considered as of the essence of all contracts.

The equitable rule is stated in the syllabus of the case of **Rummington v. Kelly, 7 Ohio, part II, page 97.**

In the case of Schmidt v. Reed, 132 New York, 108, the 3rd paragraph of the syllabus is as follows:

"When, by the terms of such a contract the time for the performance is not of the essence thereof, it may be made so by reasonable notice by either party, to the other, and the party giving the notice may then avail himself of the forfeiture on default."

In Hermansen v. Slatter, 176 Wis. 426, the court says in the opinion:

"It was agreed that the conveyance was to be made and an abstract showing merchantable title was to be furnished on a given day, and there was a condition that a loan might be procured on the premises payable on the same day. There was testimony that the vendee had sold his own farm and that he notified the vendor on July 11th and July 22nd of this fact; that he then gave notice that, as he had

sold his farm and must give possession on November 1st, he must then get possession of the premises involved in the contract." And the court refused specific performance.

Considering the instant case under these rules stated in the decisions above referred to, we necessarily revert to the facts in the case. The evidence is in sharp conflict on the essential facts and turns largely on the veracity of the plaintiff and the defendant.

Defendant testifies that at the time he entered into the contract with Zeidman, he was in fact purchasing the property for one Levine; that on the same day he entered into the contract with Zeidman, he also entered into a written contract for the re-sale of the property to Levine; that he so informed Mrs. Zeidman and told her that he must have the title clear and the deed within the 60 days named in the contract, in order to hold Levine to his contract of re-sale. He is supported in this by the introduction in evidence of his written contract with Levine, which called for the execution of that contract on or before 60 days. He further testified that he kept his automobile in the garage of Mrs. Zeidman, and saw her frequently, and that he told her several times that he must have the sale consummated within the time named in the contract, in order that he might hold Levine on his purchase. That he prepared to take over the property by securing a loan on other property of his own, in order to make the cash payment; that he did this in April, about 30 days preceding the time limit for the consummation of the sale to him; that a day or two before the expiration of the time limit of May 3rd, he again told Mrs. Zeidman he must have the deed. This notice and these conversations were denied by Mrs. Zeidman, whose testimony was somewhat discredited by the fact that her son testified that he was present and heard Davis tell his mother or say something to her about the sale to Levine.

There is no evidence whatsoever that the seller Zeidman made any effort to have the mortgages cancelled and the title cleared within the time fixed in the contract; nor did she make any tender of performance within a reasonabe time thereafter, unless the tender of a deed six weeks after the time fixed in the contract was such.

At the time of the tender of the deed, on June 14th, 6 weeks after the time limit of May 3rd, it is admitted the mortgages were not paid and cancelled, and there was no showing that the seller was in a position to make good title at that time out of any purchase money. This tender was made at defendant's home, at 8:30 o'clock at night. The agent had with him a witness, and the circumstances indicate that the tender of the deed was made for the purposes of this suit rather than a tender of performance in good faith.

The trial court had a right to believe this evidence, and if it did so, its duty was to refuse specific performance and render the judgment that it did, and the case being here on error, we can only affirm that judgment.

Cushing, PJ., and Ross, J., concur.