DROPPERS and wife, Respondents, vs. HAND, Appellant.

*April 8—October 11, 1932.*

682

684

For the appellant there were briefs by *Wheeler & Witte* of Milwaukee, and oral argument by *Lyman G. Wheeler*.

For the respondents there were briefs by *Upham, Black, Russell & Richardson,* attorneys, and *Perry J. Stearns* and *Fraley N. Weidner* of counsel, all of Milwaukee, and oral argument by *Mr. Stearns*.

The following opinion was filed May 10, 1932:

WICKHEM, J.   Defendant's first contention is that plaintiffs are not entitled to the relief of specific performance because their own neglect to cause a satisfaction and discharge of a $4,000 incumbrance upon their property caused the defendant to lose the opportunity of a loan upon the same property, which was necessary to enable her to pay for the property.

It is not necessary to determine whether the proposition as stated by the defendant is literally sound.   We have concluded, however, that under all of the facts and circumstances in this case, plaintiffs are not entitled to the relief

of specific performance. In 3 Williston on Contracts, sec. 1425, it is said:

"More exactly it may be said that wherever a contract though legally valid is grossly unfair, or its enforcement opposed to good policy for any reason, equity will refuse to enforce it, and though certain kinds of unfairness may be classified, equity declines to make an exact inventory of what amounts to such unfairness or impropriety as will preclude relief, but leaves a borderland where the court can consider the particular facts of each case and deal with it on its merits."

See *Woldenberg v. Riphan,* 166 Wis. 433, 166 N. W. 21; *Menasha v. Wis. Cent. R. Co.* 65 Wis. 502, 27 N. W. 169; *Mulligan v. Albertz,* 103 Wis. 140, 79 N. W. 1093. In the latter case it is said, quoting ·Pomeroy on Contracts, § 38:

" 'The contract must be certain, unambiguous, mutual, and upon a valuable consideration; it must be perfectly fair in all its parts; free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; not an unconscionable or hard bargain; *and its performance not oppressive upon the defendant.* Finally, it must be capable of specific performance through a decree of the court.' A great multitude of cases have arisen in which these principles have been applied, as will be seen by reference to the note to this section. The most important of the conditions named is the element of fairness and equality in the terms of the contract in its operation upon the defendant. One of the most beneficial principles in the administration of equity is that he who seeks equity must do equity. Its practical operation has been such as to resist and counteract every possible circumstance and incident of unfairness, inequality, and inequity. It requires the complaining party to stand in conscientious relations with his adversary to the extent, at least, that his demand is fair and just, and *that the relief sought shall not be oppressive or hard upon him.*"

With these rules in mind, it becomes necessary to consider a further contention of the defendant before attempting to apply the rules to the facts. It is contended by the defendant that time was of the essence of this contract, and that consequently there was an essential breach which entitled the defendant to rescind. We deem this contention to be without merit. The fact that a contract sets a date for the closing of a transaction does not of itself make time of the essence of the contract. In *Hermansen v. Slatter,* 176 Wis. 426, 187 N. W. 177, it is said:

"It is the modern tendency, especially in equity, not to treat time as of the essence unless there is some express term in the contract so providing."

To the same effect see *Buntrock v. Hoffman,* 178 Wis. 5, 189 N. W. 572; *Hall v. Delaplaine,* 5 Wis. 206. It is also held that while the contract may contain no express language making time of the essence, a consideration of all the facts and circumstances of a particular case may lead to the conclusion that the parties did intend to make time of the essence. *Buntrock v. Hoffman, supra; James v. Knox,* 155 Wis. 118, 143 N. W. 1071. In the instant case, however, there are no circumstances which warrant the conclusion that time was of the essence of the contract.

In *Hall v. Delaplaine, supra,* it was said:

"Where the parties to a contract for the sale of real estate have not made time the essence of the contract, courts will hold the bargainor to a specific performance, although the purchase money was not paid or tendered at the exact time fixed in the contract, *provided compensation can be made for the delay, and it appears to be conscientious that the conveyance should be made.*"

Thus while time is not ordinarily of the essence of a contract which merely calls for the closing of the transaction upon a particular date, failure to perform upon the date

limited is a breach of the contract, which may render the relief of specific performance unduly oppressive to defendant and require that it be denied.

Applied to the instant case, it is clear that the failure on the part of the plaintiffs to be ready on the 15th of November to give a clear title to the property constituted a breach. It is also clearly established that this breach resulted in depriving defendant of financial support which it was essential that she have in order to go on with the transaction. While this was not a breach of an essential agreement in the contract, and while perhaps it was not a sufficiently substantial breach to warrant rescission by the defendant, yet its results are such as to compel the conclusion that it would not be conscionable to grant plaintiffs the relief of specific performance. Since the breach by the plaintiffs was the cause of the withdrawal of her financial support, we think the enforcement of specific performance would be unduly oppressive, and that it should be denied under the rule set forth in the cases above cited. Had the offer on the part of the defendant to take a first mortgage been kept open by plaintiffs, or tendered by the complaint, it is possible that a different question might have been presented.

Since the breach was not sufficient to warrant rescission by defendant, but is held effective to render the granting of specific performance inequitable, it follows that both complaint and counterclaim must be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint and counterclaim.

A motion for a rehearing was denied, with $25 costs, on October 11, 1932.