NEUMANN and wife, Appellants, vs. GORAK and wife, Respondents.

*September 14—October 12, 1943.*

For the appellants there was a brief by *Rubin, Zabel & Ruppa,* attorneys, and *Wm. B. Rubin* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

*Stanley J. Cybulski,* attorney, and *Walter Schinz, Jr.,* of counsel, both of Milwaukee, for the respondents.

MARTIN, J.   There is no dispute as to the terms of the contract.   It was executed by the parties on October 11, 1941, and called for completion on or before November 1st.   It appears that plaintiffs had to negotiate a loan in order to complete the transaction for the purchase of defendants' property. It is conceded that the proceeds of the loan were not available until November 5, 1941—four days subsequent to the expiration of the contract.   Plaintiffs requested an extension of time to close the transaction.   Defendants refused to extend the time, and on November 2d defendants wrote plaintiffs as follows:

"According to our agreement dated October 11, 1941, you as buyer were required to complete the purchase of our property, at 2255 South 63 Street, on or before November 1, 1941. As far as we are concerned we have fulfilled our part of the agreement and were able and willing to close the deal on or

before the above date. We have not violated any part of this agreement.

"We note that upon failure to consummate the purchase of our property we have the option of causing the forfeiture of your deposit of $100."

It appears that on several occasions toward the end of October the real-estate broker and plaintiffs' counsel called plaintiffs' attention to the expiration date of the contract and urged that they be prepared to close the transaction on or before November 1st. There is some testimony to the effect that on one of such occasions plaintiff replied that the contract was drawn on Sunday and therefore was void. Notwithstanding the urging of plaintiffs' counsel and the real-estate broker, plaintiffs delayed making application for a loan to enable them to close the transaction until October 30th, on which date the plaintiff Herman E. Neumann wrote the Home State Bank in South Milwaukee as follows:

"I wish to borrow on my life insurance policy. Will you phone or write me, immediately please."

This letter was received by the bank on either the afternoon of October 30th or the morning of October 31st. A representative of the bank immediately contacted plaintiffs. A Sunday intervened and the preliminaries in connection with the loan were not completed until November 5th, on which date proceeds of the loan were made available. Defendants were in no way responsible for the delay. They were ready, able, and willing to close the transaction on or prior to November 1st. Subsequent to November 1st defendants made certain improvements to the property at a cost of approximately $400.

Plaintiffs contend that if specific performance is not had they are entitled to damages on their second cause of action for breach of contract; and that if both reliefs be denied they are entitled to recover, on a third cause of action, the down payment of $100.

Plaintiffs' principal contention is that time was not of the essence of the contract, citing *Hall v. Delaplaine,* 5 Wis. 206; *Hermansen v. Slatter,* 176 Wis. 426, 187 N. W. 177; and *Droppers v. Hand,* 208 Wis. 681, 242 N. W. 483. Former cases are reviewed in *Droppers v. Hand, supra.* Quoting from *Hermansen v. Slatter, supra,* the court said, page 686:

"It is the modern tendency, especially in equity, not to treat time as of the essence *unless there is some express term in the contract so providing.*"

Further, the court said:

"It is also held that while the contract may contain no express language making time of the essence, a consideration of all the facts and circumstances of a particular case may lead to the conclusion that the parties did intend to make time of the essence." Citing *Buntrock v. Hoffman,* 178 Wis. 5, 189 N. W. 572; *James v. Knox,* 155 Wis. 118, 143 N. W. 1071.

In *Miswald-Wilde Co. v. Armory Realty Co.* 210 Wis. 53, 55, 243 N. W. 492, 244 N. W. 589, 246 N. W. 305, which involved instalment payments on land contracts, the court said:

"There were no *express* provisions and no *facts or circumstances* because of which the times of the payments of the specified instalments are to be considered of the essence of the contract. The fact that the contracts set dates for such payments did not of itself make time of essence of the contracts." Citing *Droppers v. Hand, supra.*

If time was of the essence of the contract the judgment must be affirmed. The trial court's decision and findings are grounded on the theory that time was of the essence of the contract. We have in the instant case the additional fact that at no time within the contract period were defendants advised that plaintiffs would or could make the necessary

financial arrangements to complete the transaction. It is clear that the real-estate broker and plaintiffs' counsel considered time as of the essence of the contract. Counsel endeavored to get an extension of the time within which to close the transaction. In *James v. Knox, supra,* page 121, the court, speaking of the provision in a contract fixing the date for closing the transaction, said:

"These are plain words and clearly indicate an intention by both parties that the deal should be fully closed on or before the date specified. That both parties so understood it is also clearly manifest from the evidence of plaintiff Euclid W. James that on or about March 1st the defendant sought to have him sign a paper extending the time of performance of the agreement to March 11, 1912 [the date set in the contract was March 1st] which he refused to do. He further testified that on March 1st he notified Rohr, who held the deed in escrow, that if defendant wanted to close the deal he could come to his home at any time until midnight and he would be there to close the transaction. In view of the provisions of the agreement, and the evidence, the trial court properly held that time was of the essence of the contract. [Citing cases.] Cases holding that a failure to pay a given sum of money upon a date designated or that a failure to perform some other act within a specified time does not avoid the contract in the absence of any language therein or evidence showing that the time for such performance has been made material by agreement of the parties, rest upon a different basis."

In *Green v. Kaempf,* 192 Wis. 635, 212 N. W. 405, which involved a contract for the exchange of real property, at page 641, the court said:

"They cannot be excused upon the ground that they were unable to perform the contract which they entered into. Whether they were unable or unwilling is immaterial so far as the rights of the defendant Kaempf are concerned. It would constitute an innovation in the law to hold that mere inability to perform excuses performance."

508

Neither in their complaint nor otherwise have plaintiffs tendered performance in pursuance of the contract. We are of the opinion that the findings of the trial court are amply sustained by the evidence.

*By the Court.*—Judgment affirmed.