Douglass, Respondent, vs. Ransom, Appellant.

*March 4—April 2, 1929.*

446

*Edwin B. Stillman,* attorney, and *Austin J. Baird,* of counsel, both of Waukesha, for the appellant.

For the respondent there was a brief by *Salen & Brenner* of Waukesha, and oral argument by *L. L. Brenner* and *Herman R. Salen.*

ROSENBERRY, C. J. The principal contention of the defendant here is that if the plaintiff found the title unsatisfactory he could do one of three things:

"(a) Elect to perform the contract and take a conveyance relying on the covenant in the deed as security against any defects in the title.

"(b) Elect to refuse to perform the contract and receive back the earnest money.

"(c) Elect to have an amount abated from the purchase price for the deficiency of title."

The principal argument of the defendant is directed to the proposition that a court of equity will not require a de-

fendant to furnish a marketable title where it would be inequitable and unjust so to do. The difficulty with the defendant's position in this case is that the defendant seeks to support her demurrer by anticipating possible defenses which might be urged upon the trial. It nowhere appears that the defendant cannot furnish a merchantable title. If she has a merchantable title or can make it by reasonable effort, the court may very properly require her to comply with the terms of her contract. The contract recites that $1,000 was paid down as earnest money. It is urged that the complaint does not allege that it was not returned. This is a specious but untenable argument. There is a clear allegation in the complaint that the earnest money was paid. If it was not paid, that fact may be shown upon the trial. It cannot be considered upon a demurrer to the complaint. If the plaintiff has asked for more relief than he is entitled to, that does not vitiate his complaint. *Williams v. Oconomowoc,* 167 Wis. 281, 166 N. W. 322.

*By the Court.*—The order is affirmed.