LOUIS CURATELLI ET AL., PLAINTIFFS-APPELLANTS, v.
HOWARD BARNARD, DEFENDANT-RESPONDENT.

Argued January 19, 1938—Decided July 18, 1938.

Before Justices CASE and DONGES.

For the plaintiffs-appellants, *Wall, Haight, Carey & Hartpence, Walter J. Freund* and *George J. Tennant, Jr.*

For the defendant-respondent, *Herbert W. Britt.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the District Court of the Fifth Judicial District of Bergen county in favor of the defendant. Plaintiffs, as vendees, and defendant, as vendor, entered into a contract for the purchase and sale of real property in Fort Lee, under date of December 30th, 1935. Plaintiffs declined to perform the contract on the ground that defendant did not have marketable title and brought the present action to recover the deposit of $400 they made on the signing of the contract, interest and costs, and the reasonable cost of making a search.

Defendant acquired the property through purchase at a sheriff's sale in the foreclosure of a mortgage made by Adelaide N. Kling to the North Jersey Title Insurance Company in 1912. The mortgage became the property of plaintiff who instituted the foreclosure in 1935. In 1920 Mrs. Kling died and by her will devised and bequeathed "everything I possess to my nephew, Leighton Haring Smith, and his children." Smith was not personally served in the foreclosure, and service by publication was made against "Leighton Haring Smith, his heirs, devisees or personal representatives; Mrs. Leighton Haring Smith, his wife." Smith has lived in New

York City for the past twenty-two years, is married, his wife is living, and one child, Peter K. Smith, was born in 1915 and is still living. The claim of appellants was and is that the interest of Peter K. Smith was not effectually cut off by the foreclosure and that defendant's title is not therefore marketable. The argument is that the affidavits of inquiry filed in the foreclosure suit do not disclose that the proper inquiry was made for the whereabouts of the Smiths. Leighton Haring Smith testified that neither he nor any member of his family had been served with notice of the foreclosure nor had they any knowledge of such proceeding.

In this situation the trial court did not deal with the factual question sought to be raised, namely, whether there was such doubt about defendant's title as would entitle plaintiffs to rescind the contract and demand return of the deposit, but held that the decree in foreclosure was all conclusive upon the question of defendant's title and precluded the plaintiff from raising such question in this action.

Defendant's obligation was to convey good title and if his title was, in fact, defective an action for the return of the deposit would lie. *Meyer* v. *Madreperla,* 68 *N. J. L.* 258. In actions in equity for specific performance, the Court of Chancery in the exercise of its discretion considers, not merely the question whether the title is good or bad, but also whether it is free from reasonable doubt, and if there is reasonable doubt declines to decree specific performance. To sustain an action at law for the return of a deposit or for damages for breach of contract, however, more must be shown. In *Meyer* v. *Madreperla, supra,* the Court of Errors and Appeals said:

"Whether specific performance would have been decreed upon the facts disclosed in the bill of exceptions need not be decided. In actions at law the implied agreement for title in such a contract will be satisfied by a title good at law, upon the proofs under the rules of evidence. To recover at law for a breach of such a contract it must be shown that the title tendered was not a title good at law. The discretionary power of a court of equity with respect to a title which is doubtful, though good, is not within the province of a court of law, or a jury therein."

That the District Courts have power to determine questions of validity of title to lands in actions of this kind has been held by the Court of Errors and Appeals in *Eisler* v. *Halperin,* 89 *N. J. L.* 278. In that case Mr. Justice Parker said:

"There may be some cases where equity would refuse relief to a vendor on account of doubtful features of title that nevertheless would not support a rescission by vendee and a suit for recovery back of purchase money paid; but if there be a substantial defect, the vendee may rescind and recover back his payments and interest if the title has not passed. Illustrative cases are *Moore* v. *Appleby,* 108 *N. Y.* 237 (lack of proper parties in a partition suit) ; *Fruhauf* v. *Bendheim,* 127 *Id.* 587 (outstanding privilege of renewing a lease) ; and *Simon* v. *Vanderveer,* 155 *Id.* 377 (filed *lis pendens* and complaint stating a good cause of action, although unfounded in fact)*.*"

The same justice said in *Planter* v. *Zintz,* 5 *N. J. Mis. R.* 495:

"The general rule * * * is that the purchaser is entitled to reject the title and recover back his deposit in a case where a substantial defect is shown. *Eisler* v. *Halperin,* 89 *N. J. L.* 278. The plaintiff is not required to take the title at the risk of litigation in which he may be defeated."

It would thus appear that the question for determination in the court below was whether or not, on the proofs, the plaintiffs had shown a serious defect in the title of the defendant, entitling them to rescind. The District Court judge held that the decree in chancery "has inherent in it such conclusive force that it cannot be challenged collaterally and definitely binds all parties embraced in it." However, the contention of the plaintiffs was that there were parties having an interest in the lands who were not embraced in the decree because they had never been made parties under the proper practice. The rule is that a decree in foreclosure is conclusive on all persons who were properly made parties. The question raised by the facts in this case was whether there was such grave question about the effect of the decree upon "Leighton Haring Smith, and his children," devisees of the property under the will of Mrs. Kling, due to the failure

to make adequate inquiry as to their whereabouts and give them actual notice of the foreclosure, as to create a substantial defect in the title of defendant.

This question was not determined and the judgment is reversed, and a *venire de novo* awarded in order that it may be; costs to abide the event.