HOFFMANN, Appellant, vs. DANIELSON, Respondent.

*May 15—June 10, 1947.*

36

*Urban P. Van Susteren* of Appleton, for the appellant.

For the respondent there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Homer H. Benton* and *Mr. Fulton.*

FAIRCHILD, J.    The result sought by appellant is rescission of the contract of July 23, 1946, set forth in the statement of facts.    Before a party not in default may be entitled to the relief of rescission, there must be so serious a breach of the contract by the other party as to destroy the essential objects of the contract.    17 C. J. S., Contracts, p. 906, sec. 422; 12 Am. Jur., Contracts, p. 1020, sec. 440.    The breach alleged here is the respondent's failure to have the house ready for occupancy on October 1, 1946.    Whether such a breach would justify rescission would depend on whether time were of the essence of the contract.    Language expressing a hope, shared by all parties and based on the assumption of the contractor that the house would be complete by October 1st, is sought to be interpreted to fix a definite time and to positively require the full and complete finishing of the interior, at least, on that date.    There is too much in the contract, drawn by appellant, indicating an uncertainty as to the time of completion, to permit the interpretation sought.    The circumstances attending at the time the contract was drawn, disclosing general inability to secure men and materials, strongly militate against such an interpretation.    The findings of the trial court on the ma-

terial and controlling points requiring dismissal of the complaint are sustained. The trial court concluded that time was not of the essence, and that conclusion appears to be fully warranted by the facts.

The complaint did not include Verna Hoffmann as a plaintiff, nor did the respondent attempt to interplead her as a party. But because of the result reached below, which is affirmed here, it is unnecessary to treat questions which might arise affecting Mrs. Hoffmann's interests.

Time is not of the essence of a contract unless it is clear that the parties intended to make it so. 4 Page, Contracts (2d ed.) p. 3661, sec. 2106; Restatement, Contracts, p. 406, sec. 276; Anno. 12 L. R. A. 241. The fact that a date for performance is set by the terms of a contract does not make time of the essence. In *Buntrock v. Hoffman,* 178 Wis. 5, 13, 189 N. W. 572, a case involving sale of real estate where the contract provided specifically for completion of the transaction within fifteen days, the court said: "Time will not be regarded as of the essence of the contract merely because a definite time for performance is stated therein, without any further provision as to the effect of nonperformance at the time stated." See also *Boardman v. Courteen,* 167 Wis. 625, 628, 167 N. W. 814; *Droppers v. Hand,* 208 Wis. 681, 686, 242 N. W. 483; *Miswald-Wilde Co. v. Armory Realty Co.* 210 Wis. 53, 55, 243 N. W. 492, 244 N. W. 589, 246 N. W. 305.

In construing the contract involved here in the light of these principles, it is to be remembered that the contract was drawn by appellant and is subject to the rule requiring the construction to be most strongly against him. 6 R. C. L., Contracts, p. 854, sec. 242. The sentence in the contract which reads: "More time will be allowed by Fred H. Hoffmann in case of strikes, etc.," and the reservation of a considerable amount for payment only upon completion substantiate the view that the parties, in making the contract, did not regard the date, October 1st, to be so vital a provision that they would not have en-

tered into the contract without it. That appellant wanted to occupy the house by October 1st was clear from the beginning, but he was aware of the difficulties to be encountered, and was willing to allow more time under certain circumstances. Nothing is said in the contract about what the parties intended the consequences to be if the house were not ready by October 1st. These things support the conclusion that time was not of the essence of this contract, and that conclusion is further justified by the conduct of the appellant. He visited the premises frequently and was in a position to know of the reasons for delay. Yet, although he was admittedly eager to have the house finished by October 1st, there is no evidence that he indicated any intention until just before October 1st of not being bound by the contract if the house were not ready to be occupied by that time. Indeed, his giving instructions for certain changes using time and material indicate that time was not the vital consideration.

The language of the contract which provided that more time would be allowed "in case of strikes, etc.," is broad enough to cover the very things that were responsible for the delays in construction of this house. The complaint alleges that the respondent represented to the appellant at the time the contract was made that she had in her possession all of the necessary materials to complete the house. This does not appear to be the case, although the evidence does show that at that time she had obtained many supplies for which there was a shortage. Considering all the testimony, there is ample justification for the trial court's conclusion that the delay in construction of this house was due to the difficulty in getting skilled workmen and the general shortage of materials, which was at least affected by, if not caused by, strikes which occurred earlier in the year. It is not unreasonable to hold that these circumstances fell within the scope of "strikes, etc.," for which the contract expressly provided an extension of time.

This is especially true in view of the fact that respondent was doing everything in her power to complete the house.

We agree with the trial court that the respondent did not breach the contract of July 23, 1946, that rescission must be denied and appellant's complaint dismissed.

*By the Court.*—Judgment affirmed.