ROTTMAN and wife, Appellants, v. ENDEJAN and wife, Respondents.

*January 5—February 3, 1959.*

224

For the appellants there was a brief by *Worthing & Calhoun* of Fond du Lac, and oral argument by *J. W. Calhoun*.

For the respondents there was a brief and oral argument by *John J. Schneider* of Fond du Lac.

CURRIE, J. The three issues on this appeal are as follows:

(1) Is time of the essence of the contract of sale?

(2) Has there been a material breach of the contract by the vendors which justified the purchasers in refusing performance?

(3) Is a tender of possession to the purchasers subsequent to the bakery tenant vacating the premises an essential condition precedent to the vendors maintaining an action for specific performance?

The law is well settled that time will not be regarded as of the essence unless it is made so by the terms of the contract or the conduct of the parties. *Long Investment Co. v. O'Don-*

*nell* (1958), 3 Wis. (2d) 291, 297, 88 N. W. (2d) 674, and *Zuelke v. Gergo* (1951), 258 Wis. 267, 271, 45 N. W. (2d) 690.

The date for the delivery of possession was specified in the contract to be *"on or about* May 1, 1957." There is nothing stated in the contract as to what is to happen if the vendors are unable to deliver possession on or about such specified date. Therefore, time was not made of the essence by any provision of the contract itself. This court in *Buntrock v. Hoffman* (1922), 178 Wis. 5, 13, 189 N. W. 572, held that "time will not be regarded as of the essence of the contract merely because a definite time for performance is stated therein, without any further provision as to the effect of nonperformance at the time stated."

Inasmuch as the provisions of the contract did not make time of the essence, did the conduct of the parties do so? There is a complete absence of any testimony relating to the conduct of the parties which would make the closing date of May 1, 1957, of the essence. The defendant purchasers did make an attempt to prove that it was essential for them to occupy the premises by July 1, 1957. The defendant Endejan at the time of entering into the contract was occupying and operating a smaller bakery, and he desired to purchase a larger bakery so as to expand his business by making additional baked goods which he was unable to do in his existing quarters. We quote from the appendix the following testimony by Endejan in which he sought to prove that it was essential that he be in possession of plaintiffs' premises by July 1, 1957:

"I have a wholesale bakery business and wanted to give my customers a full line. They asked for sweet rolls, doughnuts, etc. I told them my plans that I had a bakery bought and I would have a full line from the 1st of July on. I had to get a place ready to keep my promise. I committed myself to various customers."

There is no testimony that Endejan ever communicated to either of the vendors the fact that he had made such commitment to his customers involving the July 1st date. Such unilateral conduct subsequent to the making of the contract cannot qualify as conduct of the parties, which establishes time as the essence of the contract. A further reason why it cannot have such effect is because it relates to a date two months subsequent to the date of performance specified in the contract.

A course of action lay open to the purchasers whereby they could have reasonably protected themselves against the contingency of being unable to secure possession by July 1st. This was to have given the vendors notice early in May fixing July 1st as the last date for closing and effecting change of possession, and stating that they would consider the contract rescinded if the sellers failed to perform by such date. None of the letters written by counsel for the purchasers is susceptible of being construed as such a notice. Because the purchasers failed to give any notice fixing a reasonable time for performance subsequent to May 1, 1957, the contract never terminated. *Peyer v. Jacobs* (1957), 275 Wis. 364, 367, 82 N. W. (2d) 202, and *Phillips v. Carver* (1898), 99 Wis. 561, 575, 75 N. W. 432. If such a notice had been given, the sellers might have been spurred into such action as paying the tenant a sum to vacate, or using the notice as a ground for the circuit court taking more-prompt action to decide the unlawful-detainer appeal and issue the writ of restitution.

We turn now to the issue of whether the vendors so materially breached the contract as to excuse the purchasers from performing their part of the contract. For the reason just stated, mere failure to turn over possession in the absence of a notice by the purchasers fixing a reasonable time for the same subsequent to May 1, 1957, did not constitute such a breach.

The purchasers urge that they are excused from performing because of the failure of the vendors to secure approval of the industrial commission for use of the premises as a bakery. The contract clause with respect to the time for securing such approval is slightly ambiguous. However, we construe the words "prior approval" to mean prior to the date set for change of possession and payment by the purchasers of the balance of the purchase price. Because the time for such closing is not of the essence, the failure of the vendors to secure such approval did not terminate the contract in the absence of any notice given by the purchasers fixing a dead line for such performance.

A deputy building inspector of the industrial commission testified, "At the present time the premises would meet with my approval when certain *minor changes* are made." He enumerated such required changes, none of which should take long to complete or entail the expenditure of much money. The trial court did not pass on this issue. Therefore, if on remand of the action, the industrial commission's approval has not yet been obtained, the trial court should by inter-locutory order fix a short reasonable time in which the vendors will be permitted to make such required changes and secure the industrial commission's approval of the premises before judgment of specific performance is entered. The case of *Haumersen v. Sladky* (1936), 220 Wis. 91, 264 N. W. 653, constitutes a precedent for such procedure.

The purchasers also contend that there has been a material breach of the contract by the vendors in failing to remove the oven which the bakery tenant left behind. Such oven is built into the premises and attached to a boiler. While the tenant probably had the right to remove the same as a trade fixture, it ordinarily would constitute part of the realty as between a vendor and purchaser. Therefore, when the tenant vacated without removing the oven it became part of the real estate

and lost its character as a trade fixture. There is no provision in the contract requiring the vendors to remove such oven if the tenant abandoned it. Subsequent to the making of the contract the purchasers through the letter of their counsel of April 23, 1958, made it known to the vendors that they desired such oven to be removed when the bakery tenant vacated the premises. The vendor Rottman testified he was willing to remove such oven, but there is no testimony that the vendors ever agreed to do so. The trial court made no finding of fact as to the contract having been modified so as to require removal of such oven by the vendors, and we do not deem that the evidence would sustain a finding that the contract was so modified.

The last point raised by the purchasers, as to why the vendors are not entitled to specific performance, is that there never has been a valid tender of possession by the vendors. We agree with the purchasers' contention that the two attempted tenders of possession, when the vendors' tenant was still occupying the bakery portion of the premises, were ineffectual. There can be no doubt under the wording of the contract, interpreted in the light of the conduct of the parties, that the possession which the vendors were required to tender was one free of the occupancy by such tenant. However, the purchasers' refusal to accept the tender of the abstract and their later demand for the return of the $500 down payment constituted a repudiation of the contract and an anticipatory breach thereof. We deem such repudiation and anticipatory breach by the purchasers made it unnecessary for the vendors to tender possession as a condition precedent to instituting the action for specific performance. *Mitchell v. Lewensohn* (1947), 251 Wis. 424, 432, 29 N. W. (2d) 748, 752; 81 C. J. S., Specific Performance, p. 619, sec. 100. By the act of serving and filing their complaint seeking specific performance the vendors placed themselves under all the obliga-

tions of the contract. *Asbury v. Cochran* (1942), 243 Ala. 281, 283, 9 So. (2d) 887, 888.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.