WAUWATOSA REALTY COMPANY, Respondent, v. BISHOP and wife, Appellants.

*January 5—February 3, 1959.*

234

For the appellants there was a brief by *Stephen J. Hajduch* and *Claude L. Kordus,* both of Milwaukee, and oral argument by *Mr. Hajduch.*

For the respondent there was a brief by *William F. Scholl* and *Mark M. Camp,* both of Milwaukee, and oral argument by *Mr. Camp.*

DIETERICH, J.    Defendants in their motion to reopen the summary judgment filed a proposed answer in which they set forth that an officer of the plaintiff corporation had fraud-

ulently and falsely represented to the defendants between March 1 and March 10, 1955, that the purchasers had not been able to qualify for the first mortgage and that relying upon said false and fraudulent representations of one of the agents of plaintiff corporation, the defendants refused to close the transaction on any other terms except those in the agreement, and were thereby induced to break the contract.

We conclude that the plaintiff had furnished a buyer within the provisions of its contract. *Kruger v. Wesner* (1956), 274 Wis. 40, 79 N. W. (2d) 354. We agree with the trial court that the affidavit of the defendants failed to contain any statement denying those set forth in the affidavit of Clement Winzenburg, secretary of the plaintiff corporation. *Laughnan v. Griffiths* (1955), 271 Wis. 247, 251, 73 N. W. (2d) 587.

The rule as to imputation of attorney's knowledge to his client is stated in 5 Am. Jur., Attorneys at Law, p. 302, sec. 74:

"The well-established general rule that notice or knowledge of an agent, while the agency exists and while he is acting within the scope of his authority, is imputed to his principal is applicable to the relation of attorney and client; notice to the attorney is notice to his client, at least where the attorney receives such notice in the course of the transaction in which he is acting for his client, and where it comes in such a manner that he may communicate it to the client or act on it without any violation of duty. The test is whether the information is of a character which it is the duty of the attorney to communicate."

It was said in *Melms v. Pabst Brewing Co.* (1896), 93 Wis. 153, 168, 66 N. W. 518, that:

"The rule itself is based upon the duty of the attorney or agent to disclose to his client or principal all knowledge and information he possessed at the time, in relation to the subject matter of the employment or agency, and the presumption

is that he communicates it accordingly; . . ." See also Anno. 4 A. L. R. 1592, and Anno. 38 A. L. R. 820.

The trial court in its opinion said:

"The record does not disclose the attorney who represented the defendants at the afore-mentioned conference. However, it is evident that the subject matter of the discussion as appears from the affidavit in support of the plaintiff's motion for summary judgment related, at least in part, to the mortgage offered by the Security Savings & Loan Association. Under such circumstances the client is chargeable with knowledge possessed by his attorney even though the client may not have acquired actual knowledge or information of all the facts and circumstances surrounding the transaction for which the attorney was retained to aid in the completion thereof. While it is suggested fraudulent representations on the part of the agent of the plaintiff induced the defendants not to complete the sale, the record indicates, as appears at least from the affidavit of Clement Winzenburg, that the attorney who represented the defendants had knowledge of an existing loan approved by the Security Savings & Loan Association. This knowledge is imputed to the defendants."

In considering the question of failure of the purchasers to consummate the sale on or before March 15, 1955, the proposed answer failed to indicate that time was of the essence in the contract between the defendants and the prospective purchasers.

"The importance of time of performance depends upon the terms in the contract and the circumstances appearing from the acts of the parties. . . . One may not precipitately rescind a contract because of a mere delay and certainly not when he does it to avoid discharging an obligation in an executory contract which he has assumed and failed to meet; and which is the very object concerning which the contract was entered into. There are cases, and this is one, where the right to rescind and impose a penalty does not exist unless the rescind-

ing party would be entitled to specific performance." *Zuelke v. Gergo* (1951), 258 Wis. 267, 271, 45 N. W. (2d) 690.

We find no abuse of discretion on the part of the trial court in refusing to reopen the summary judgment.

*By the Court.*—Order affirmed.