APPLETON STATE BANK, Appellant, v. LEE and another, Respondents.

*January 11—January 31, 1967.*

For the appellant there was a brief by *Herrling, Lathrop & Myse* and *Bollenbeck, Patterson, Froehlich, Jensen & Wylie,* all of Appleton, and oral argument by *Dennis W. Herrling.*

For the respondents the cause was submitted on the brief of *William J. Schuh* of Appleton.

HANLEY, J. The defendants argue that the failure of Kirby Company to deliver the brand-name sewing machine as specified in the conditional sales contract was a material breach of the contract.

The question here is whether there has been a substantial breach of the agreement so as to warrant rescission by the defendants.

In order to establish a breach sufficient to constitute repudiation of the entire agreement the nonperformance or breach must be substantial.

". . . a breach which goes to only a part of the consideration, which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages, does not warrant a rescission of the contract; . . ." [1]

Before a party not in default may be entitled to the relief of rescission there must be so serious a breach

---

[1] 17 Am. Jur. (2d), Contracts, p. 983, sec. 504.

of the contract by the other party as to destroy the essential objects of the contract.[2]

Here the contract was entered into on a Thursday. The defendants sought to cancel on Friday and on Saturday. The defendants were offered a sewing machine of the exact kind called for in the conditional sales contract but refused to accept it. The testimony indicates that the Modernaire sewing machine was left with the Lees through an innocent error. The salesman removed the machine from the container in the presence of the defendants. There is no contention of deceit. There was also uncontradicted testimony that the Modernaire and New Home sewing machines are exactly the same thing.

Whether the alleged breach would justify rescission would depend upon whether time were of the essence of the contract.

Time is not of the essence of a contract unless it is clear that the parties intended to make it so.[3]

In addition to the time of performance, in order to substantiate defendants' claim of breach, it was necessary to prove they received something of less value than called for in the contract. This fact was not established, and the trial court did not ascertain the value of either sewing machine.

This court would have no difficulty in affirming the trial court's judgment if defendants had established that the value of the machine delivered was not equal to that of the New Home machine or if the defendants had established that either machine was not of its purported value.

The trial court's reasoning that since the Lees bought the vacuum cleaner mainly due to their need of a sewing machine and since a New Home sewing machine, serial

[2] *Hoffmann v. Danielson* (1947), 251 Wis. 34, 27 N. W. (2d) 759, 761.

[3] *Hoffmann v. Danielson, supra.*

number 171, had been bargained for and not received there was a substantial breach of the contract by the Kirby Company is not supported by the evidence.

The testimony shows that Mr. Lee knew nothing about a New Home sewing machine and so far as he was concerned there was really nothing special about a New Home machine except its purported value of $200. The purported value of $200 was never disproven by the defendants.

We conclude that the real bargain in addition to the vacuum cleaner was for a $200 sewing machine, that the testimony reveals that the sewing machine delivered is of the same value as the New Home machine described in the sales contract and that the defendants never established that the sewing machine delivered was of a value less than $200.

We further conclude that the trial court was not correct in finding a substantial breach of the contract when time was not of the essence and the Kirby Company immediately attempted to rectify the error of delivery.

The plaintiff contends that the trial court erred in failing to provide for the return of the Kirby vacuum cleaner and attachments in its judgment of rescission. We deem this contention meritorious but moot in view of this court's ruling to reverse the judgment of the trial court.

*By the Court.*—Judgment reversed, and remanded with directions to enter judgment for the plaintiff.