John RANES and Mary Ranes, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 97–0441. Oral argument April 29, 1998.—Decided June
19, 1998.*

(Also reported in 580 N.W.2d 197.)

For the defendant-respondent-petitioner there were briefs by *Ward I. Richter, David J. Pliner* and *Bell, Metzner, Gierhart & Moore, S.C.*, Madison and oral argument by *Ward I. Richter*.

For the plaintiffs-appellants there was a brief by *Charles B. Harris, Martha Heidt* and *Doar, Drill & Skow, S.C.*, Baldwin and oral argument by *Matthew A. Biegert*.

¶ 1.   SHIRLEY S. ABRAHAMSON, CHIEF JUS-
TICE.   This is a review of a published decision of the
court of appeals[1] reversing a judgment and an order of
the Circuit Court for Pepin County, Dane F. Morey,
Judge. The circuit court granted summary judgment to
American Family Mutual Insurance Company, holding
that the failure of John and Mary Ranes, the plaintiffs-
insureds, to give notice of settlement to American Fam-
ily pursuant to *Vogt v. Schroeder*, 129 Wis. 2d 3, 383
N.W.2d 876 (1986), bars underinsured motorist (UIM)
coverage regardless of whether American Family was
prejudiced by the lack of notice.[2]

¶ 2.   The court of appeals reversed the judgment
of the circuit court, concluding that the failure of the
plaintiffs-insureds to give notice of settlement to Amer-
ican Family violates the *Vogt* decision but that the lack
of notice does not bar UIM coverage unless American
Family was prejudiced by the lack of notice. *See Ranes
v. American Family Mut. Ins. Co.*, 212 Wis. 2d 626, 632,
569 N.W.2d 359 (Ct. App. 1997). The court of appeals
further concluded that the plaintiffs-insureds must
produce sufficient evidence to satisfy the fact finder by
a preponderance of the evidence that American Family
suffered no prejudice as a result of the lack of notice.
*See Ranes*, 212 Wis. 2d at 636. The court of appeals
remanded the cause to the circuit court to determine
whether American Family was prejudiced by the fail-
ure of the plaintiffs-insureds to give notice of
settlement.

¶ 3.   For the reasons set forth, we affirm the deci-
sion of the court of appeals reversing the judgment and

---

[1] *Ranes v. American Family Mut. Ins. Co.*, 212 Wis. 2d 626,
569 N.W.2d 359 (Ct. App. 1997).

[2] This is the limited issue presented by the parties to the
circuit court.

51

order of the circuit court and remanding the cause for determination of prejudice. We hold, as did the court of appeals, that the failure of the plaintiffs-insureds to give notice of settlement to American Family does not bar UIM coverage unless American Family was prejudiced by the lack of notice. We differ, however, with the court of appeals on whether a rebuttable presumption of prejudice arises when an insured fails to give notice of settlement to the UIM insurance company. The court of appeals declined to apply a rebuttable presumption of prejudice. We conclude that because the plaintiffs-insureds failed to give notice of settlement to American Family, there is a rebuttable presumption of prejudice, with the burden on the plaintiffs-insureds to prove by the greater weight of the credible evidence that American Family suffered no prejudice.

I

¶ 4. For purposes of the motion for summary judgment, the facts are not in dispute. John Ranes was severely injured in an automobile accident involving a vehicle owned by Kinney Dairy Equipment, Inc., and driven by Robert Elsenpeter. John and Mary Ranes (the plaintiffs-insureds) commenced an action against Elsenpeter, Kinney Dairy and Kinney Dairy's insurer Secura Insurance (collectively the tortfeasors) for injuries sustained as a result of the accident.

¶ 5. The plaintiffs-insureds settled their claims against the tortfeasors in exchange for a full and comprehensive release in favor of the tortfeasors. The plaintiffs-insureds did not give notice of settlement to American Family, their UIM insurance company.

¶ 6. At the time of the accident the plaintiffs-insureds had multiple insurance policies issued by

American Family and providing UIM coverage. The American Family policies provided UIM coverage in the amount of $100,000 per person and $300,000 per accident. The insurance policies also provided that the limits of liability would be reduced by payment made on behalf of the tortfeasors. Shortly after the settlement was concluded, the plaintiffs-insureds became aware of *Matthiesen v. Continental Cas. Co.*, 193 Wis. 2d 192, 532 N.W.2d 729 (1995), which alerted them to the possibility that the reducing clause in the American Family policies might be void. The plaintiffs-insureds therefore filed suit against American Family, claiming UIM coverage. American Family moved for summary judgment based on the failure of the plaintiffs-insureds to give notice of settlement.

¶ 7.    American Family and the plaintiffs-insureds submitted a single issue to the circuit court on summary judgment—whether the failure to give notice pursuant to *Vogt* bars the plaintiffs-insureds' UIM coverage. The parties agreed that for purposes of the summary judgment motion, a factual dispute exists whether American Family was prejudiced by the lack of notice. The circuit court granted summary judgment in favor of American Family.[3] The issue of what constitutes prejudice was not addressed by the parties, and the court does not address it.

## II

¶ 8.    This case presents a question of law, namely whether the failure of an insured to give notice of set-

---

[3] The order of the circuit court denied the plaintiffs-insureds' motion to reconsider the summary judgment. That order was reversed by the court of appeals.

tlement to a UIM insurance company bars UIM coverage, regardless of whether the UIM insurance company was prejudiced by the lack of notice.[4] This court determines questions of law independent of the circuit court and the court of appeals, benefiting from their analyses. *See Miller v. Thomack*, 210 Wis. 2d 651, 659, 563 N.W.2d 891 (1997).

■■

¶ 9. The judgment of the circuit court was entered on a motion for summary judgment. In reviewing a grant of summary judgment, an appellate court applies the standards set forth in Wis. Stat. § 802.08(2) (1993–94)[5] in the same manner as does the circuit court in deciding a motion for summary judgment. *See Miller*, 210 Wis. 2d at 659. Summary judgment is properly granted when there is only a question of law at

---

[4] It is undisputed that the plaintiffs-insureds did not give notice to American Family of their settlement with the tortfeasors.

At the circuit court and the court of appeals, the parties agreed that *Vogt* required the plaintiffs-insureds to give notice to American Family. In this court the plaintiffs-insureds asserted for the first time that *Vogt* did not impose any notice requirement. The plaintiffs-insureds asserted that the present case presents a different fact situation from the one presented in *Vogt*. Although a party may generally make a new argument to support affirmance of a favorable ruling in the court of appeals, a party cannot raise a new issue in this court that will cause a modification of the decision of the court of appeals without filing a petition for review or cross review. The plaintiffs-insureds did not file either petition. *See* Wis. Stat. § (Rule) 809.62(7) (1995–96). Accordingly we will not address this issue.

[5] All references to the Wisconsin statutes are to the 1993–94 version unless otherwise indicated.

issue and the moving party is entitled to judgment as a matter of law. *See Id.*

### III

¶ 10.   When an insured settles with a tortfeasor, the settlement agreement generally includes release of the tortfeasor and forecloses subrogation claims of a UIM insurance company. Recognizing that a UIM insurance company has an interest in preserving its subrogation claims against a tortfeasor, the *Vogt* court fashioned a notice of settlement procedure designed to allow the UIM insurance company to decide whether it wants to pay the insured and assume subrogation rights against the tortfeasor.

¶ 11.   The court of appeals concluded that failure to give notice of settlement pursuant to *Vogt* does not bar UIM coverage unless the UIM insurance company was prejudiced by the lack of notice. The court of appeals based its conclusion on the following reasons, with which we agree.

¶ 12.   First, the court of appeals was persuaded that a majority of state courts considering the question have concluded that failure to give notice of settlement does not bar UIM coverage unless the UIM insurance company was prejudiced by the lack of notice.[6] American Family argues that these cases are thin in

---

[6] Some of the cases are cited by the court of appeals at *Ranes*, 212 Wis. 2d at 631–32. Also see cases cited at 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 43.5, at 347 (2d ed. 1998) ("There is now a significant body of judicial precedents for the proposition that in order to justify foreclosing an insured's right to indemnification from an otherwise applicable underinsured motorist coverage, an insurer must show that it was prejudiced by the settlement of the tort claim.").

reasoning and that many of them involve interpretation of consent-to-settlement provisions.

██

¶ 13.   We are not convinced by American Family's attempt to diminish the import of the cases. Courts generally seek to avoid an insured's forfeiture of a claim resulting from the insured's failure to comply with a provision in an insurance policy or statute when the failure to comply does not prejudice the insurance company. This doctrine corresponds with principles of contract law and insurance law and is applicable to the present case.

¶ 14.   Second, the court of appeals concluded that the Wisconsin legislature has enacted statutes declaring that violations of an insured's obligation to give notice will penalize the insured only when the insurance company is prejudiced by the lack of notice. The court of appeals looked to three statutes—two insurance statutes and the notice of claims statute relating to claims against a governmental body. *See* Wis. Stat. § 632.26(2) (notice required under a liability policy);[7] Wis. Stat. § 631.81 (notice of proof of loss);[8] Wis. Stat. § 893.80(1)(a) (notice of injury against a governmental

---

[7] **Wisconsin Stat. § 632.26(2)** EFFECT OF FAILURE TO GIVE NOTICE. Failure to give notice. . .does not bar liability under the policy if the insurer was not prejudiced by the failure, but the risk of nonpersuasion is upon the person claiming there was no prejudice.

[8] **Wisconsin Stat. § 631.81 Notice and proof of loss. (1)** TIMELINESS OF NOTICE. Provided notice or proof of loss is furnished as soon as reasonably possible and within one year after the time it was required by the policy, failure to furnish such notice or proof within the time required by the policy does not invalidate or reduce a claim unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit.

body).[9] The court of appeals viewed these statutes, taken together, as an expression of a legislative policy.

¶ 15. American Family correctly asserts, and the court of appeals agreed, that none of these statutes applies to this case or resolves the issue presented here. Nevertheless, we agree with the court of appeals that these statutes give an indication of the legislature's policy to require prejudice before an insured's rights are forfeited for failure to give notice.

¶ 16. Third, the court of appeals considered principles of contract law to determine whether an insured's failure to give notice relieves a UIM insurance company of its obligations. Under Wisconsin common law, a party to a contract is obligated to perform in accordance with the contract terms unless the other party's breach is material. *See Management Comp. Serv., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 183, 557 N.W.2d 67 (1996) (internal citations omitted). For a breach to be material, it must be so serious as to destroy the essential object of the agreement. *See Appleton State Bank v. Lee*, 33 Wis. 2d 690, 692–93, 148 N.W.2d 1 (1967). When the breach is "relatively minor" and not "of the essence," the nonbreaching party is not excused from performance. *Management Comp. Serv.*, 206 Wis. 2d at 183 (quoting Arthur L. Corbin, *Corbin on Contracts*, § 700, at 310 (1960)).

¶ 17. We agree with the court of appeals' application of general contract principles to conclude in this case that failure to give notice should not void the obli-

---

[9] Wisconsin Stat. § 893.80(1)(a) provides in pertinent part:

Failure to give the requisite notice shall not bar action on the claim if the [governmental body] had actual notice of the claim and the claimant shows. . .that the delay or failure to give the requisite notice has not been prejudicial to the defendant. . . .

gations of the UIM insurance company unless the breach is material, that is, the UIM insurance company was prejudiced by the lack of notice.

¶ 18. American Family further argues that the *Vogt* decision sets forth a basic, clear procedure for an insured to follow and that by imposing a prejudice requirement, the court of appeals has created a new "layer" of litigation over the question of prejudice.

¶ 19. We agree with American Family that a bright line rule requiring notice of a proposed settlement to a UIM insurance company reduces litigation. American Family's position, however, does not comport with general principles of contract law. Furthermore, subrogation (the basic underlying issue here) is an equitable doctrine, and it does not appear just to excuse a UIM insurance company from providing UIM coverage when the UIM insurance company was not prejudiced by the insured's failure to give notice.

¶ 20. Fourth, the court of appeals reasoned that because the *Vogt* decision relied heavily on a Minnesota supreme court decision, *Schmidt v. Clothier*, 338 N.W.2d 256 (Minn. 1983), Minnesota case law relating to the consequences of an insured's failure to give notice of settlement to a UIM insurance company would be persuasive. The court of appeals turned to *American Family Mut. Ins. Co. v. Baumann*, 459 N.W.2d 923, 927 (Minn. 1990), in which the Minnesota supreme court held that the insured's failure to give notice of settlement does not bar UIM coverage unless the UIM insurance company was prejudiced by the lack of notice.

¶ 21. American Family contends that the Wisconsin court of appeals reads *Baumann* too broadly. American Family claims that *Baumann* should be limited to its facts, which are distinguishable from the

facts in the present case. To American Family, the important distinguishing fact in *Baumann* is that the UIM insurance company in *Baumann* was given some notice even though the notice did not fully comply with the legal requirements.

¶ 22. We are not persuaded by American Family's attempt to distinguish *Baumann* from the present case. The Minnesota court of appeals has applied *Baumann* in a case in which an insured failed to give any notice of settlement to the UIM insurance company. *See Behrens v. American Family Mut. Ins. Co.*, 520 N.W.2d 763, 767 (Minn. Ct. App. 1994).

¶ 23. American Family also points out that the *Baumann* court cited, but did not overrule, *Klang v. American Family Mut. Ins. Group*, 398 N.W.2d 49 (Minn. Ct. App. 1986). In *Klang* the Minnesota court of appeals held that when an insured settles with an alleged tortfeasor without giving notice to the UIM insurance company, the insured forfeits UIM coverage.

¶ 24. But the *Baumann* court did not have to overrule *Klang* because the *Baumann* court set down a rule of prejudice to be applied in future cases. In *Baumann* the Minnesota supreme court wrote that "henceforth" 30 days' written notice of a settlement agreement is required and that without the required notice, a rebuttable presumption of prejudice arises. *Baumann*, 459 N.W.2d at 927.[10]

¶ 25. We are persuaded, as was the court of appeals, that under *Baumann* the failure to give notice

---

[10] The question arose in *Behrens v. American Family Mut. Ins. Co.*, 520 N.W.2d 763, 768 (Minn. Ct. App. 1994), whether the *Baumann* prejudice analysis should be applied retroactively to a case arising before *Baumann* was decided. The Minnesota court of appeals wrote that it was not convinced that *Baumann* should apply to cases arising before that decision.

of settlement does not bar UIM coverage unless the UIM insurance company was prejudiced by the lack of notice.

¶ 26.  Applying the same reasoning as the Wisconsin court of appeals, we conclude that the failure of the plaintiffs-insureds to give notice of settlement does not bar UIM coverage unless American Family was prejudiced by the lack of notice. Absent some showing of prejudice to American Family, the failure to give notice will not result in forfeiture of UIM coverage.

## IV

¶ 27.  Having concluded that an insured's failure to give notice does not bar UIM coverage unless the UIM insurance company is prejudiced by the lack of notice, we now consider the second question of law, namely the applicable burden of proof in determining whether a UIM insurance company was prejudiced.

¶ 28.  The plaintiffs-insureds argue that to place on the UIM insurance company the burden of producing evidence and the burden of persuasion on the issue of prejudice comports with principles of contract law, which place the burden on an insurance company to prove a defense to coverage.[11] American Family argues

---

[11] Other arguments that favor placing the burden of producing evidence and the burden of persuasion on the issue of prejudice on the UIM insurance company include: (1) the UIM insurance company is in the best position both to assess prejudice and to produce evidence of prejudice; (2) it is difficult for an insured to prove the "negative fact" of no prejudice; and (3) when no clear proof is available on the issue of prejudice, placing the burden on the insurer serves to avoid forfeiture of UIM coverage. *See* 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 43.5, at 349 (2d ed. 1998).

that if this court requires a showing of prejudice, the court should adopt a presumption of prejudice when an insured fails to give notice of settlement and the burden should be placed on the insured to rebut the presumption.

¶ 29.   The court of appeals rejected both of these propositions, stating that it saw "little compelling reason to establish a presumption regarding the question of prejudice." *Ranes*, 212 Wis. 2d at 636. As analyzed by the court of appeals, the prejudice issue is a factual issue to be resolved by the fact finder. According to the court of appeals, once a UIM insurance company carries its burden of showing lack of notice, an insured must produce sufficient evidence to satisfy the fact finder by a preponderance of the evidence that the UIM insurance company suffered no prejudice as a result of the lack of notice. *See Ranes*, 212 Wis. 2d at 636.

¶ 30.   In determining the applicable burden of proof, we turn again to the Minnesota cases for guidance. The *Baumann* court adopted a presumption of prejudice, with the burden placed upon the insured to rebut the presumption:

> Absent the required 30-day written notice, release of the tortfeasor shall be deemed prejudicial to the underinsurer. That presumption of prejudice shall be rebuttable, but the burden of demonstrating by a preponderance of the evidence the absence of prejudice shall be borne by the insured. An insured's failure to sustain that burden of proving a lack of prejudice to the insurer shall result in forfeiture.

*Baumann*, 459 N.W.2d at 927.

¶ 31.   Recognizing a presumption of prejudice and placing the burden to rebut the presumption on an

61

insured take into account the rights and responsibilities of both the UIM insurance company and the insured. The UIM insurance company is entitled to receive notice of possible settlement, but forcing an insured to forfeit UIM coverage is too harsh a penalty if the UIM insurance company was not prejudiced by the lack of notice. Because prejudice to the UIM insurance company is often difficult to prove, the UIM insurance company should be aided by a presumption of prejudice. Imposing the burden to rebut that presumption on the insured places the onus on the breaching party who failed to provide notice. Thus the harsh result of forfeiture of UIM coverage for failure to give notice is ameliorated by giving the insured an opportunity to rebut the presumption of prejudice and to retain coverage under the UIM policy. *See* 8 Appleman, *Insurance Law and Practice* § 4732, at 21–26 (1981).

¶ 32.  Imposing a rebuttable presumption of prejudice in this case comports with other provisions of Wisconsin insurance law that have adopted a rebuttable presumption of prejudice when notice is not timely and have placed the burden of proving no prejudice on the person who failed to give notice.[12] Other states

---

[12]*See, e.g.,* Wis. Stat. § 632.26(2) ("Failure to give notice. . .does not bar liability. . .if the insurer was not prejudiced by the failure, but the risk of nonpersuasion is upon the person claiming there was no prejudice."); *Gerrard Realty Corp. v. American States Ins. Co.,* 89 Wis. 2d 130, 146–47, 277 N.W.2d 863 (1979) (when notice is given after the time set in Wis. Stat. § 631.81, there is a rebuttable presumption of prejudice and the insured has the burden to prove the insurer was not prejudiced by the untimely notice).

have also imposed the burden to prove prejudice on the insured when notice of settlement was not provided.[13]

¶ 33.  For the reasons set forth, we conclude that the failure of the plaintiffs-insureds to give notice creates a rebuttable presumption that American Family was prejudiced by the lack of notice and that the plaintiffs-insureds have the burden of going forward with the evidence and the burden to persuade the fact finder that American Family was not prejudiced by the lack of notice. If the plaintiffs-insureds fail to rebut the presumption of prejudice by the greater weight of the credible evidence, they will forfeit their UIM coverage under the insurance policies.

■

¶ 34.  In conclusion, we hold that the failure of the plaintiffs-insureds to give notice of settlement to American Family does not bar UIM coverage unless American Family was prejudiced by the lack of notice. We further hold that because the plaintiffs-insureds failed to give notice to American Family, there is a rebuttable presumption of prejudice, with the burden on the plaintiffs-insureds to prove by the greater weight of the credible evidence that American Family suffered no prejudice.

¶ 35.  Accordingly, we affirm the decision of the court of appeals, which remanded the cause to the cir-

---

[13] The court of appeals stated that "among those states that make a finding of prejudice there is almost an equal division as to whom the burden of proof is assigned." *Ranes*, 212 Wis. 2d at 635–36. *But see* 3 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance*, § 43.5, at 349 (2d ed. 1998) (asserting that most of the courts requiring a showing of prejudice before an insured forfeits UIM coverage hold that it is the UIM insurance company's obligation "to show that the unauthorized settlement adversely affected its interests").

cuit court to determine whether American Family was prejudiced by the lack of notice of settlement.

*By the Court.*—The decision of the court of appeals is affirmed.